IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS



ANNIE JONES RAMIREZ,

    Plaintiff,

v.                                      NO.: CH-13-1177-2

ONEBEACON AMERICA INSURANCE CO.
and OZARK MOTOR LINES, INC.

    Defendants.

## COMPLAINT FOR DAMAGES AND FOR OTHER RELIEF

Comes the Plaintiff, Annie Jones Ramirez, and sues the Defendants, OneBeacon America Insurance Company, and Ozark Motor Lines, Inc. for compensatory damages and punitive damages and/or bad faith penalties in the total amount of Two Hundred Fifty Thousand Dollars ($250,000.00), and for other relief, and for cause of action, alleges as follows:

1. That the Plaintiff is a resident of Desoto County, Mississippi, and is over 18 years of age and competent and was employed in Memphis, Tennessee by Defendant, Ozark Motor Lines, Inc., which is a Tennessee For Profit Corporation during all the relevant periods; that Defendant, OneBeacon America Insurance Co. is located at OneBeacon Lane, Canton, MA 02021, and engages in the business of insurance and issues occupational accident policies within the State of Tennessee;

that Defendant, Ozark Motor Lines, Inc. engages in business within Shelby County, Tennessee, with a local address of 3934 Homestead Road, Memphis, Tennessee, and that its designated Agent for Service of Process, Steven F. Higginbotham, can be served with process at 3934 Homewood Road, Memphis, TN 38118-6151, and is the policyholder of occupational accident insurance policy No. 215-6-000-391, issued by OneBeacon America Insurance Co., and is named as a nominal defendant herein.

2.  That the Plaintiff, Annie Jones Ramirez, was employed as a contract truck driver for Ozark Motor Lines, Inc., the insured entity, during all relevant periods and is an "eligible person" (as defined in the policy) of policyholder/employer Ozark Motor Lines, Inc., and is a third-party beneficiary of the above referred Occupational Accident Policy.

3.  That on March 30, 2011, the Plaintiff, Annie Jones Ramirez, while picking up a load in Irving, Texas in a tractor-trailer truck owned by Ozark Motor Lines, Inc., within the course and scope of her employment, suffered a severe and permanently disabling injury to her right leg and knee after losing her balance and falling during the process of securing the load, which had been placed within the trailer.

4.  That the Defendants initially honored the Occupational Accident Policy by providing, and paying for, necessary medical treatment and Plaintiff

received Temporary Total Disability Benefits from March 30, 2011 through on or about March 30, 2013, in the amount of $628.00 per week. The maximum benefit period for payment of Temporary Total Benefits under the policy is two (2) years, and therefore, said benefits were exhausted as of March 30, 2013.

5. That as a result of the above occupational accident, the Plaintiff has been rendered totally disabled, and is therefore entitled to receive Continuous Total Disability Benefits commencing April 11, 2013, until the maximum benefit amount of $200,000.00 is paid in full, and is therefore entitled to be paid $1,838.00 per month, which is the amount of her monthly insurance benefits of $2,719.00 after deducting $881.00 per month, which is the amount Plaintiff receives from the Social Security Administration. (See attached Exhibit #1)

6. That the Plaintiff has made repeated requests and demands to be granted the Continuous Total Disability Benefits under the hereinabove referred policy, which have been ignored and refused by the Defendants, and that such failure to extend benefits or honor the policy by paying for Continuous Disability Benefits to Plaintiff is a material breach of said policy for which the Defendants should be held liable.

7. That the hereinabove refusal to honor and abide by the terms of this policy, despite prior demands by the Plaintiff, amounts to bad faith and that the Defendants should be penalized pursuant to statute, or by an award of punitive

3

damages based upon its deliberate and intentional refusal to extend benefits or honor the Occupational Accident Policy, despite the Plaintiff's full cooperation with the Defendants' investigation, including providing the Defendants with medical reports and records and examinations to verify the nature and extent of her injuries.

8. That the Occupational Disability Policy recites, in its pertinent parts that:

> If a Covered Injury to an Insured Person resulting in Temporary Total Disability, subsequently results in Continuous Total Disability, We will pay the Continuous Total Disability Benefit specified below, provided:
> 1. the benefits payable for the Temporary Total Disability Covered Loss cased solely because the Maximum Benefit Period shown in the Schedule for Temporary Total Disability has been reached, but the Insured Person remains disabled;
> 2. the Insured Person is under the normal Social Security retirement age, as determined by federal law, on the day after the Maximum Benefit Period shown in the Schedule for Temporary Total Disability has been reached;
> 3. the Insured person has been granted a Social Security Disability Award for his or her disability. (If the Insured Person cannot meet the credit requirement for a Social Security Award, he or she cannot qualify for the Continuous Total Disability Benefit even if he or she would otherwise qualify);
> 4. the Insured Person's disability is reasonably expected to continue without interruption until the Insured Person dies, and is substantiated by objective medical evidence satisfactory to the Company;
> 5. the Injury began within the Disability Commencement Period shown in the Schedule;
> 6. the Temporary Total Disability was not principally due to a Mental and Nervous or Depressive Condition. (If the Temporary Total Disability was principally due to a Mental and Nervous or Depressive Condition, the Insured Person does not qualify for a Continuous Total Disability Benefit.)

> An Insured Person cannot qualify for a Continuous Total Disability Benefit unless the Insured Person qualified for a Temporary Total Disability Benefit even if he or she would otherwise qualify."
>
> Sunset Period: If the Insured Person is not granted a Social Security Award for his or her disability within two (2) years of the Injury, the Insured Person cannot qualify for a Continuous Total Disability Benefit even if he or she would otherwise qualify.

in order to be qualified to receive Continuous Total Disability Benefits.

9. That the Defendants have refused to honor Plaintiff's claim for continued Total Disability Benefits based upon its assessment that the Social Security Administration Disability Claim was granted because the Plaintiff was afflicted by osteoarthritis of both knees, obesity and depression, and that because the policy recites that the Social Security disability income must be based solely upon the covered injury, which in this case involved an on-the-job injury to Plaintiff's right knee, the Plaintiff should be disqualified from receiving continuous Total Disability Benefits pursuant to the policy issued herein.

10. That the Plaintiff's treating physician, Dr. Dabov, of the Campbell Clinic diagnosed Plaintiff on September 7, 2011, with osteoarthritis right knee, permanently aggravated by work-related injury and placed on permanent activity restriction involving no lifting greater than 30 lbs., no squatting, bending, climbing stairs and/or ladders. (See attached Exhibit #2)

11. That Defendants were dissatisfied with those findings and arranged Plaintiff to undergo an independent medical examination by Dr. Barbara Geater at

Rentrop Geater Family and Occupational Medicine, which was conducted on September 8, 2011, and paid for by Defendants, and the results concurred with the Campbell Clinic opinions, and its medical report verifies that:

1. Yes, the objective findings support the subjective complaints.
2. The diagnosis is degenerative joint disease (osteoarthritis) of the right knee exacerbated by the accident which occurred on March 30, 2011.
3. Ms. Ramirez has permanently abnormal gait with inability to climb stairs and ladders. Yes, it is solely as a direct result of the accident, in that, although it is obvious that arthritis was present before the accident based on her MRI, she was able to perform her job as an over the road truck driver before the accident. Since the accident, she has developed an abnormal gait and inability to climb which makes it impossible for her to perform her job as an over the road truck driver.
4. Yes, the tests, treatments, and diagnosis received to date have been reasonable and necessary and a direct result of the accident in question.
5. Yes, she has reached maximum medical benefit and based on my review of her records from Campbell's Clinic, maximum medical benefit was achieved on or about the date of August 15, 2011.
6. Yes, there is a direct cause or relationship between the accident that occurred on March 30, 2011 and her current disability and physical limitation.
7. No, she cannot perform her duties as an over the road truck driver which was her regular employment. I do not expect her to ever be able to return to work in that capacity. Yes, it is a direct result of the accident that she is unable to return to work. However, she does have residual work capacity.
8. She has the following permanent restrictions: no lifting over 30lbs., no bending, stooping, squatting, or climbing.
9. I am unable to say to what extent the preexisting condition impacts her present condition. However, what I can say is that she was able to perform her job adequately with no restrictions before the accident and since the accident she is unable to achieve that level of performance. Therefore, as far as disability goes, I would say, the accident is 100% responsible for her inability to perform work at this

6

time and to perform this type of work in the future. However, it is my medical opinion that she could be retrained for sedentary to moderate activity work keeping in mind the restrictions that were mentioned above.

The report further testifies that it was not reasonable to expect Plaintiff to return to duty as an over the road truck driver, that prior to her on the job injury of March 30, 2011, she was able to perform the duties inherit to her job as an over the road truck driver, and that Plaintiff was never advised she has arthritis before this injury. (See attached Exhibit #3)

12.   Plaintiff avers she was employed as an over the road truck driver for Ozark Motor Lines, Inc. for 14 continuous years prior to her disabling on the job injury of March 30, 2011, and fully able to perform her job related duties, even though she has been obese, as medically defined, and even though she may have undergone arthritic changes in her knees, which were asymptomatic prior to March 30, 2011, and which may have been a preexisting condition, and even though she may have experienced depression, which Plaintiff avers is not severe, or disabling in nature, and relates mainly to her inability to work and be self-sufficient due to her right leg injury.

13.   Defendants concede that Plaintiff is otherwise qualified to receive her Continuous Total Disability Benefits because she has fully complied with all six (6) condition prerequisites, but has refused to pay Plaintiff because she was obese, and also has arthritis in her left knee, even though it is apparent that neither one of those

problems resulted in the work restrictions that prohibit her to be employed as an over the road truck driver; and even the she was capable to work on a full time basis prior to her on the job injury to her right knee on March 30, 2011.

14. That pursuant to T.C.A. §56-7-105 Bad Faith Refusal to Pay, the Plaintiff further alleges that the Defendants have refused to pay the Continuous Total Disability Benefits to Plaintiff within sixty (60) days after a demand has been made is, and is thereby, liable to pay Plaintiff in addition to the $200,000.00 loss and benefits she is entitled to receive under the policy, an additional $50,000.00, or 25%, based upon the Defendants refusal to pay the loss, which was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury, including attorney's fees, upon the Plaintiff. Plaintiff avers that very few, if any, claimants who apply for Social Security Disability Benefits (especially one which is 58 years of age) only have one medical condition, and that to permit a denial of benefits under these circumstances would mean that no one would ever be qualified under this policy, thereby entitling the Defendants to receive insurance premiums under false pretenses with no expectation of paying anyone Continuous Total Disability Benefits under its ultra strict interpretation of the policy qualifications, which are already very restrictive, and designed to eliminate almost all potential claimants from receiving benefits they deserve and need to survive.

WHEREFORE, Plaintiff, Annie Jones Ramirez, sues the Defendants, OneBeacon America Insurance Co. and Ozark Motor Lines, Inc., for compensatory damages of Two Hundred Thousand Dollars ($200,000.00) and bad faith damages of an additional Fifty Thousand Dollars ($50,000.00), in the total amount of Two Hundred Fifty Thousand Dollars ($250,000.00), and for attorney fees and for bad faith penalty of 25% of the total losses, and for such other relief as may be appropriate, including a declaratory judgment that Plaintiff is qualified to be paid Continuous Total Disability benefits available under the occupational accident policy sued for hereunder, and the issuance of a mandatory injunction compelling Defendant, OneBeacon America Insurance Company to immediately pay to Plaintiff all past due benefits from April 1, 2013 to the present.

                                        Respectfully submitted,

                                        _____
                                        Andrew E. Bender   (#5916)
                                        Attorney for Plaintiff
                                        382 Washington Avenue
                                        Memphis, Tennessee 38105
                                        (901) 526-1568