IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANNIE JONES RAMIREZ, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| ONE BEACON AMERICA INSURANCE CO. and OZARK MOTOR LINES, INC., | ) No. 2:13-cv-02675-JPM-dkv ) ) ) |
|     Defendants. | ) ) |

**ORDER GRANTING DEFENDANT OZARK MOTOR LINES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Ozark Motor Lines, Inc.'s ("Ozark") Motion for Judgment on the Pleadings, filed September 9, 2013. (ECF No. 4.)  In the Motion, Ozark asserts "that it should be dismissed from participation in this matter as Ozark was named only as a nominal defendant and is not a party from which relief is sought." (ECF No. 4-1 at PageID 22.)[1] On September 17, 2013, Plaintiff filed a Response to Ozark's Motion. (ECF No. 6.) In the Response, Plaintiff states:

> [Plaintiff] is willing to consent to the dismissal of [Ozark] so long as the [Court's] Order specifically addresses the issue as to whether or not [Plaintiff] is an insured of One Beacon America Insurance Company or a third-party beneficiary or loss payee as an "eligible person", as above referred insurance policy

---

[1] When documents are not internally paginated, or when a single filing contains multiple documents, the Court refers to the Page Identification ("PageID") number located at the top right of documents filed on the Case Management/Electronic Case Files system.

>and would therefore require the continued presence of [Ozark] to obtain access to the benefits sought."

(Id. ¶ 3.)  On September 18, 2013, Ozark filed a Reply to Plaintiff's Response.  (ECF No. 7.)  In the Reply, Ozark admits that Plaintiff is an "eligible person" under the relevant insurance policy, but states that "One Beacon America Insurance Company issued the Policy and is therefore the sole and appropriate entity to respond to Plaintiff's claim for additional insurance benefits."  (Id. at PageID 30.)

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  In reviewing Plaintiff's Motion for Judgment on the Pleadings, the Court must "construe [Plaintiff's] complaint in the light most favorable to [Plaintiff], accept all of the complaint's factual allegations as true, and determine whether [Plaintiff] undoubtedly can prove no set of facts in support of [her] claim that would entitle [her] to relief."  Hall v. Callahan, No. 12-3708, 2013 WL 2364140, at *2 (6th Cir. May 31, 2013) (citation and internal quotation marks omitted).

In her Complaint, filed August 7, 2013, and removed to federal court on August 29, 2013, Plaintiff indicated that Ozark "is named as a nominal defendant herein."  (ECF No. 1-1 ¶ 1.)

In their Answer to the Complaint, filed September 9, 2013, Defendants state:

> [Defendants] admitted that One Beacon America Insurance Company issued the policy of insurance at issue and is the sole and appropriate entity to respond to Plaintiff's claim for additional insurance benefits. It is further admitted that [Ozark] has no responsibility for payment of occupational accident benefits to Plaintiff and is therefore a nominal defendant.

(ECF No. 3 at PageID 15 (emphasis added).) Based on the parties' pleadings, the Court finds that One Beacon America Insurance Company issued the relevant insurance policy in this case and that Ozark is thereby not responsible for any payment of benefits that may be owed to Plaintiff.

Accordingly, Ozark's Motion for Judgment on the Pleadings (ECF No. 4) is GRANTED, and Ozark is hereby DISMISSED WITHOUT PREJUDICE as a party to this matter.

**IT IS SO ORDERED**, this 25th day of September, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE